KLEIN, J.
We withdraw our previous opinion and replace it with this opinion.
Appellant was convicted of a RICO violation, sixteen counts of grand theft, and other offenses, arising out of his auto repair shop which charged insurers for repair work which was not performed or was unnecessary. We affirm all of his convictions and limit our discussion to his argument that there was insufficient evidence to support the “enterprise” requirement of our RICO statute.
Section 895.03(3), Florida Statutes (1997), provides:
It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt.
“Enterprise” is defined in section 895.02(3) as:
Any individual, sole proprietorship, partnership, corporation, business trust, union chartered under the laws of this state, or other legal entity, or any un-chartered union, association, or group of individuals associated in fact although not a legal entity; and it includes illicit as well as licit enterprises.
Under Gross v. State, 765 So.2d 39 (Fla.2000), in order to prove an enterprise the state must establish an ongoing organization, formal or informal, with a common purpose of engaging in a course of conduct and which functions as a continuing unit.
The evidence, which was extensive, could be summed up as follows. Appellant owned and operated a shop which routine *436 ly inflated repair estimates, for example to require the replacement of an airbag or an engine, where the work was neither necessary nor performed. There was also evidence that employees in appellant’s repair shop actually inflicted greater damage on cars which were already in for repairs. Appellant was paid for this work by insurers whose adjusters were paid by appellant to direct the business to his shop and cooperate in the fraud.
Appellant’s argument that the trial court should have granted a judgment of acquittal on the RICO claim is grounded on the assumption that the state had to prove that the enterprise or association included both appellant and his brother Michael, who ran a different shop, which engaged in the same type of fraud. Although the state did put on evidence as to the relationship between both shops, we disagreé that the RICO enterprise had to include both shops. U.S. v. Elliott, 571 F.2d 880, 884 (5th Cir.1978), relied on by our supreme court in Gross, makes it clear that “a single creature” can fall within RICO.
The information charged appellant, his brother, and nine other individuals, who either worked in the shops or were employed as adjusters by insurers, as engaging in the RICO enterprise. Appellant has cited no authority to support his argument that the failure of the evidence to show that one of the eleven named in the information was involved in the RICO enterprise in which appellant was participating requires a judgment of acquittal. In this case the evidence showed that appellant was operating a repair shop which, on a regular basis, worked with insurance company employees to defraud insurers by preparing and submitting invoices for work which was unnecessary or not performed. This was sufficient to satisfy the enterprise requirement of our RICO statute.
' We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
WARNER and TAYLOR, JJ., concur.